**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

FLAGSTAR BANK, N.A.,

     *Plaintiff,*

     v.

BARBARA NOWAK, ARTUR NOWAK,
and NICOLE NOWAK,

     *Defendants.*

Civil Action No. 25-8611

ORDER

     **THIS MATTER** having come before the Court on Defendants Barbara Nowak, Artur Nowak, and Nicole Nowak's ("Defendants") "Motion to Reassign," see ECF No. 17;

     and it appearing that Plaintiff Flagstar Bank N.A. ("Plaintiff") filed this action against Defendants on April 23, 2023 asserting breach of contract and violations of the Uniform Fraudulent Transfer Act, see ECF No. 1.4, Compl., at ¶¶ 53–83; see also ECF No. 5.1, ¶ 19 (alleging, in an amended complaint, the same counts plus fraud-based claims);

     and it appearing that Defendants filed a Notice of Removal on June 6, 2025 purportedly based on federal question jurisdiction, see ECF No. 1;

     and it appearing that Plaintiff filed a Motion to Remand principally contending removal was untimely, see ECF No. 5;

     and it appearing that, on June 30, 2025, Plaintiff's Motion to Remand was referred to the assigned Magistrate Judge, see D.E. dated June 30, 2025;

     and it appearing that the Magistrate Judge issued a Letter Order setting an initial scheduling conference for August 4, 2025, see ECF No. 3;

and it appearing that Defendants opposed Plaintiff's Motion to Remand and objected to the Magistrate Judge's referral due to a lack of consent under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), see ECF No. 6, at 7;

and it appearing that Plaintiff filed a Reply Brief in support of Plaintiff's Motion to Remand, in which Plaintiff took "no position" on Defendants' objection to the Magistrate Judge's referral, see ECF No. 9, at 5;

and it appearing that, on July 7, 2025, Plaintiff requested a short adjournment of the August 4, 2025 initial scheduling conference, see ECF No. 7;

and it appearing that Defendants objected to Plaintiff's request, see ECF No. 8;

and it appearing that the Magistrate Judge issued a Text Order on July 11, 2025 granting Plaintiff's adjournment request and rescheduling the initial scheduling conference for September 26, 2025, see ECF No. 10;

and it appearing that Defendants thereafter filed an objection to the Magistrate Judge's order granting Plaintiff's adjournment request, requested this Court set aside the extended adjournment and reinstate the initial scheduling conference date, and argued the order was "clearly erroneous or contrary to law within the meaning of Rule 72(a)," see ECF No. 12, at 3;

and it appearing that Defendants correspondingly submitted a "Motion for Relief Under Due Process & Equal Protection" seeking non-substantive relief related to how discovery was handled based on procedural Due Process concerns, see ECF No. 13;

and it appearing that, on July 15, 2025, the Magistrate Judge issued (1) an order denying Defendants' objection under Rule 72(a) to the Magistrate Judge's order granting Plaintiff's adjournment request, see ECF No. 14; and (2) an order denying Defendants' "Motion for Relief Under Due Process & Equal Protection," see ECF No. 15;

and it appearing that Defendants filed an "Express Objection to [The] Magistrate [Judge's] Jurisdiction Regarding Defendants' Motion for Relief Under Due Process & Equal Protection," in which Defendants reiterated they "[did] not provided consent, express or implied, for a magistrate judge to preside over any portion of this case," including adjudicating Plaintiff's Motion to Remand, granting Plaintiff's adjournment request, and denying Defendants' "Motion for Relief Under Due Process & Equal Protection," see ECF No. 16, at 3;

and it appearing that, as a result of the Magistrate Judge's orders (ECF Nos. 14–15), Defendants filed a "Motion to Reassign" seeking, in relevant part, "immediate reassignment of ECF Nos. 14 and 15, which were erroneously ruled upon by [the] Magistrate Judge . . . despite the filing of a jurisdictional objection under Fed. R. Civ. P. 72(a)," see ECF No. 17, at 1;

and it appearing that Defendants' "Motion to Reassign" was referred to the District Judge rather than the Magistrate Judge, see D.E. dated Sept. 8, 2025;

and it appearing that the Magistrate Judge issued a Text Order on July 24, 2025 clarifying that, while trial or final judgment requires party consent, a Magistrate Judge retains independent authority over scheduling and general case management, such as scheduling and/or adjourning initial scheduling conferences, see ECF No. 18 (citing Local Civil Rule 16.1 (outlining the role of magistrate judges in this district));

and it appearing that, on August 1, 2025, Defendants filed a "Constitutional Objection to [The] Magistrate Judge's Jurisdiction and Demand For Article III Adjudication of All Matters," effectively reiterating Defendants' objection to the Magistrate Judge's authority to adjudicate Plaintiff's Motion to Remand, grant Plaintiff's adjournment request, and deny Defendants' "Motion for Relief Under Due Process & Equal Protection," see ECF No. 19;

and it appearing that the Magistrate Judge issued at Letter Order on September 9, 2025, holding, in pertinent part, that the case remains pending exclusively in federal court, see ECF No. 25;

and it appearing that, on September 12, 2025, the Magistrate Judge granted Plaintiff's request for the initial scheduling conference on September 26, 2025 to be adjourned pending resolution of Plaintiff's Motion to Remand, see ECF Nos. 26, 27;

and it appearing that the Magistrate Judge submitted a Report and Recommendation ("R&R") to this Court recommending Plaintiff's Motion to Remand be granted and directing Defendants to file any objections to same by January 5, 2026, see ECF No. 30;

and it appearing that, while a party may refuse to consent to a magistrate judge's jurisdiction for certain types of proceedings, it cannot prevent a magistrate judge from being involved in the case entirely, and the level of consent required depends on the nature of the referral, see Beazer East, Inc. v. Mead Corp., 412 F.3d 429, 438, n.12 (3d Cir. 2005) (clarifying that the nature of the decision (i.e., dispositive vs. non-dispositive) is what determines the authority of a magistrate judge and the level of party consent required);

and it appearing that a district judge may refer non-dispositive pre-trial matters to a magistrate judge without the consent of the parties, see 28 U.S.C. § 636(b)(1)(A) (emphasizing a district court judge "may designate a magistrate judge to hear and determine any pre-trial matter pending before the court [subject to certain exceptions not relevant here]"); see also L. Civ. R. 72.1(a)(1) (authorizing magistrate judges to perform "all judicial duties assigned by the Court," including "non-dispositive motions"); In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998) ("in general, a magistrate judge, without the consent of the parties, has the power to enter orders which do not dispose of the case");

and it appearing that, pursuant to Rule 72(a), when a "pre-trial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," the magistrate judge must "promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision," see Fed R. Civ. P. 72(a);

and it appearing that, in such a case, the assigned Article III district judge must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law," see id. (emphasis added); see also 28 US.C. § 636(b)(1)(A) ("a judge may designate a magistrate judge to hear and determine any pre-trial matter pending before the court" and "[a] judge of the court may reconsider any pre-trial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law") (emphasis added); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986) (stating same);

and it appearing that the "clearly erroneous" standard has been interpreted to mean that "a reviewing court can upset a finding of fact, even when supported by some evidence, but only if the court has 'the definite and firm conviction that a mistake has been committed,'" see Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948));

and it appearing that the Magistrate Judge's non-dispositive adjournment order, see ECF No. 14, was neither clearly erroneous nor contrary to law, see Rule 72(a); see also 28 US.C. § 636(b)(1)(A);

and it appearing that the Magistrate Judge's non-dispositive order denying Defendants' "Motion for Relief Under Due Process & Equal Protection," see ECF No. 15, was neither clearly erroneous nor contrary to law; see id.;

and it appearing that district judge may refer dispositive pre-trial matters to a magistrate

judge without the consent of the parties, provided that the magistrate judge solely issues a R&R subject to the district judge's review and approval, see 28 U.S.C. § 636(b)(1)(B) (emphasizing a district court judge "may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court"); see also L. Civ. R. 72.1(a)(2) (authorizing magistrate judges to perform "all judicial duties assigned by the Court," including submitting "proposed findings of fact and recommendations" on "dispositive motions");

and it appearing that, while a party cannot prevent a magistrate judge from hearing such issues or making a R&R, the party still has the right to file objections to the R&R, and the district judge must then conduct a de novo review before making a final decision, see 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2) (stating same); Fed R. Civ. P. 72(b)(3) (stating same);

and it appearing that, within fourteen (14) days after being served with a copy of the R&R, any party may serve and file written objections to the R&R; see 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2) (stating same); Fed R. Civ. P. 72(b)(2) (stating same);

and it appearing that, a judge of the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "receive further evidence or recommit the matter to the magistrate judge with instructions," see L. Civ. R. 72.1(c)(2); see also 28 U.S.C. § 636(b)(1)(C) (stating same);

and it appearing that Plaintiff's Motion to Remand, see ECF No. 5, is dispositive, see Healthcare, 159 F.3d at 146 ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court");

and it appearing that a district judge may properly assign a motion to remand to a magistrate

judge, provided the magistrate judge issues a R&R rather than a final order, <u>see e.g.</u>, <u>Uddin v. Sears, Roebuck & Co.</u>, No. 13-6504, 2014 WL 316988, at *1 (D.N.J. Jan. 27, 2014) (district judge referred a motion to remand to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), who issued an R&R, and the district judge then reviewed and adopted it); <u>see also</u> 28 U.S.C. § 636(b)(1)(B); L. Civ. R. 72.1(a)(2);

and it appearing that the Magistrate Judge issued a R&R in this matter recommending that the District Judge grant Plaintiff's Motion to Remand, <u>see</u> ECF No. 30;

and it appearing that Defendants have not issued any objections (timely or otherwise) to the Magistrate Judge's R&R;

and for good cause shown;

**IT IS** on this 27th day of February, 2026,

**ORDERED** that Defendants' "Motion to Reassign," ECF No. 17, is **DENIED**; and it is further

**ORDERED** that the Magistrate Judge's non-dispositive adjournment order, ECF No. 14, was neither clearly erroneous nor contrary to law; and it is further

**ORDERED** that the Magistrate Judge's non-dispositive order denying Defendants' "Motion for Relief Under Due Process & Equal Protection," ECF No. 15, was neither clearly erroneous nor contrary to law;

**ORDERED** that the Magistrate Judge's R&R, ECF No. 30, is hereby **ADOPTED** as the findings of fact and conclusions of law of this Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiffs via verified mail.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**